**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1872-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LYLE G. PERSON,
a/k/a SOLES DERAY,
JAMES PERCY, LARRY G.
PERSON, and DERAY SOLES,

     Defendant-Appellant.

_____

        Submitted December 1, 2021 – Decided January 28, 2022

        Before Judges Gilson and Gooden Brown.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-05-0666.

        Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

        Andrew J. Bruck, Acting Attorney General, attorney for respondent (Valeria Dominguez, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Lyle Person appeals from a June 22, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. In rejecting defendant's PCR petition, the PCR judge, Judge Terrence R. Cook, issued a written opinion. We affirm substantially for the reasons set forth in Judge Cook's thorough opinion.

Defendant was indicted for murdering his brother. In 2016, defendant pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). In pleading guilty, defendant admitted he got into an argument with his brother, saw his brother walking as defendant was driving a car, struck his brother with his car, and caused his brother's death. As part of the negotiated plea, the State agreed to recommend a sentence of twenty-six years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

At sentencing, the court found aggravating factor three (a risk of re-offense), six (a prior criminal history), and nine (the need to deter), N.J.S.A. 2C:44-1(a)(3), (6), and (9). The court explained the facts supporting each of those aggravating factors. The court also found mitigating factor six because defendant had agreed to pay restitution. N.J.S.A. 2C:44-1(b)(6). Defendant was

then sentenced to twenty-two years in prison, with periods of parole ineligibility and parole supervision as required by NERA.

Defendant appealed his sentence, contending that it was excessive because his criminal record was essentially double counted when it was used as a basis for both aggravating factors three and six. We rejected that argument and affirmed defendant's sentence. State v. Person, No. A-5192-15 (App. Div. Oct. 18, 2016).

Three years later, in 2019, defendant, representing himself, filed a PCR petition seeking to have his sentence reduced. He was assigned PCR counsel and his counsel made several arguments principally focusing on the contention that defendant's counsel at sentencing had been ineffective in not arguing that aggravating factors three and six were double counted.

On May 26, 2020, Judge Cook was prepared to hear oral argument, but both defense counsel and the State stated that they would rely on their written submissions. Thereafter, on June 22, 2020, Judge Cook issued an order and written opinion denying defendant's PCR petition. In his opinion, Judge Cook analyzed each of defendant's arguments. In particular, he focused on the contention that defense counsel had been ineffective at sentencing. Judge Cook pointed out that the procedural history, viewed in light of the well-established

3

law, demonstrated that counsel at sentencing had not been ineffective and defendant had suffered no prejudice.

On this appeal, defendant repeats the principal argument he presented to Judge Cook:

> THE PCR COURT ERRED IN DENYING MR. PERSON AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL EXPLAINING WHY HE FAILED TO OBJECT TO THE SENTENCING COURT USING MR. PERSON'S PRIOR CRIMINAL HISTORY IN FINDING AGGRAVATING FACTORS 3 AND 6.

Having conducted a de novo review, we affirm substantially for the reasons explained by Judge Cook. In short, defendant's argument lacks merit. Moreover, it is procedurally barred by our prior affirmance of the sentence. See State v. Echols, 199 N.J. 344, 357 (2009) (citing Rule 3:22-5) (explaining that a PCR petition is procedurally barred if "the issue was previously decided on direct appeal").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION